UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case Nos. 09-CR-332-11 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| ROBERT CARDENA, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER**

According to the Federal Bureau of Prisons ("BOP"), defendant Robert Cardena ("Cardena") is serving the final year of a 10-year mandatory minimum sentence imposed by this court in 2011. Without the assistance of a lawyer, Cardena filed a handwritten emergency letter motion dated April 12, 2020, asking the court either to grant him compassionate release, under 18 USC § 3582(c)(1), or to release him to home confinement under § 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, 134 Stat. 281 (Mar. 27, 2020). Given the emergency nature of the relief requested and the issues raised by the motion, the court has appointed counsel to represent Cardena, and a response is due Friday, May 8, 2020. This is an interim ruling on the first issue the government raises in its response filed May 5, 2020. The court also directs the government to file a supplemental response.

The government argues that Cardena's motion is moot. "[A] case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quotation and citations omitted). When he filed his motion, Cardena was housed at the BOP facility in Milan, Michigan ("FCI-Milan"). ECF No. 1861 at 3. The government represents that Cardena was transferred to a halfway house in

1

Wisconsin on April 22, 2020. Gov't Resp. 3, ECF No. 1864. Hence, reasons the government, Cardena has received all the relief he seeks: a transfer from FCI-Milan. *Id.*

The government reads Cardena's motion too narrowly. The filings of self-represented litigants must be construed liberally. *E.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted). Cardena describes the outbreak of COVID-19 at FCI-Milan, and requests a transfer, because he was housed there when he filed his motion. But Cardena specifically requests transfer to home confinement, and he also refers to the statutory standard for compassionate release. *Compare* ECF No. 1861 at 1 with 18 USC § 3582(c)(1)(A). It is, therefore, hardly a stretch to construe the motion as seeking more relief than a transfer from FCI-Milan. Cardena seeks transfer to a halfway house or complete release from BOP custody under the compassionate release statute. Because Cardena has not received the relief he seeks, his transfer to a halfway house did not moot his motion.

Having ruled on mootness, the court identifies three issues that have not been fully briefed in an effort to expedite an emergency matter:

1. The government represents that Cardena asked the BOP for a transfer to home confinement, but the BOP has no record of a request for compassionate release. Resp. 4, 10. The court knows nothing more about the request for home confinement or its adjudication. The government does not explain why, if the relief Cardena was seeking was plain from his request for home confinement, the request did not also exhaust his administrative remedies as the compassionate release statute requires. *See* 18 USC § 3582(c)(1)(A); 28 C.F.R. § 571.61(a).

2. Before the government filed its response, the court did not know that Cardena had requested a transfer to home confinement. Knowing that now, his letter motion may perhaps be liberally construed as a challenge to the BOP's decision on the home confinement request. The

issue may be complicated. *See generally Richmond v. Scibana*, 387 F.3d 602, 605–06 (7th Cir. 2004).

3. Cardena states in his letter that he has several COVID-19 risk factors recognized in guidance from the Centers for Disease Control. ECF No. 1861 at 1. Yet the government refers only to one health condition in its response. ECF No. 1864 at 4, 19. Defense counsel could help the court by: 1) providing a better picture of what health risks Cardena faces and 2) providing some indication of Cardena's plans if he is released. Cardena is invited to respond to this by letter as well.

A great deal of information in the press suggests that Residential Reentry Centers (RRC- the current term for halfway houses) are potential hotbeds for the spread of COVID-19 because of the congested manner in which inmates are housed. If counsel on either side has information on the Janesvillle, WI RRC, where Cardena is housed, such information would be helpful. The government has told the court that no one at this facility has tested positive for the virus, but the government has not indicated whether there has been any testing.

The government is directed to file a supplemental response regarding the first issue above by 5:00 p.m. on Friday, May 8, 2020.

Date:   May 6, 2020                             /s/
                                        Joan B. Gottschall
                                        United States District Judge