IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 CR 332-11 |
| v. | ) | |
| | ) | Hon. Joan B. Gottschall |
| ROBERT CARDENA, | ) | Judge Presiding |
| | ) | |
| Defendant. | ) | |

**DEFENDANT CARDENA'S REPLY IN SUPPORT OF MOTION
FOR COMPASSIONATE RELEASE**

Now comes the defendant, Robert Cardena, by his attorney, John T. Kennedy, panel attorney, and respectfully moves this Court to grant his motion for compassionate release under 18 U.S.C. sec. 3582(c)(1)(A)(i).

**URGENCY OF REQUEST**

While Mr. Cardena has been transferred from FCI Milan to a Residential Reentry Center (RRC), Rock Valley Community Program halfway house in Janesville, Wisconsin. So far as COVID-19 is concerned he has only been moved out of the frying pan into the fire. The halfway house in Janesville has 46 inmates, and about half of them are employed. Apparently, those inmates are out and about in the community, and unable to follow any stay-at-home protocol. Also, inmates must arrive from other BOP facilities, and many BOP facilities are experiencing a high rate of COVID-19. For instance, Mr. Cardena himself arrived from FCI Milan, which on April 19, 2020 had 23 positive inmates and 34 COVID-19 positive

staff. http://www.bop.gov/coronavirus/. Halfway houses, like prisons and nursing homes, are crowded facilities ripe for an outbreak.

### RELIEF REQUESTED

Mr. Cardena requests compassionate release. The request for this relief was made by letter mailed to the trial judge. (Doc. #1861) It was construed by the trial judge to be a motion that includes a request for transfer to a halfway house or complete release from BOP custody under the compassionate release statute. Doc. #1867. Mr. Cardena has been transferred to a RRC halfway house, and continues to seek compassionate release.

### BACKGROUND FOR REQUEST

More than 30 days ago, Mr. Cardena made a written request to the Warden of FCI Milan that apparently included a request for home confinement or transfer to a halfway house. Counsel has requested a copy of that request from the government, but has not received it. Mr. Cardena does not have a copy.

Mr. Cardena is serving a 120 month sentence. He has served about 90% of his sentence. The BOP inmate locator lists him as having an out date of April 22, 2021. See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmate loc/(last visited May 10, 2020)(result using number 42920-424).

**ARGUMENT**

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Mr. Cardena has exhausted the administrative remedies requirement of the First Step Act, 18 U.S.C. sec. 3582(c). Even if his administrative request does not mention compassionate release, his seeking of home confinement is sufficient to satisfy the exhaustion requirement of the compassionate release statute.

Apparently, Mr. Cardena made his administrative request more than 30 days ago. Counsel is told that request was for home confinement or transfer to a halfway house. Counsel has requested the government to produce a copy of the administrative request. By letter dated April 12, 2020 Mr. Cardena made a request construed by the District Court to be a motion for compassionate release. On April 22, 2020 he was transferred to a halfway house. Gov. Response, Doc.#1864, p. 3.

Mr. Cardena did not receive the full relief that he requested. He was not granted home confinement. The First Step Act gives him the right, after exhausting administrative remedies, of pursuing compassionate release. 18 U.S.C. sec. 3582(c). There is no limitation put on the relief to be sought in Court after the 30 day period; consequently it may include compassionate relief.

This is consistent with Congressional intent to address the failure of the BOP to consider sentencing reductions. Initially,

under section 3582(c) there was no right of prisoners to go beyond their administrative request for relief. But by Congress's amendment of 18 U.S.C. sec. 3582(c), prisoners were allowed to bring their motions directly to the District Courts. This resulted in a shift from BOP being the sole authority of adjustment of a sentence to the Courts being empowered to adjust the sentence under the First Step Act.

## WAIVER OF THE 30 DAY ADMINISTRATIVE PROVISION

While Mr. Cardena believes the 30 day waiting period has been exhausted, arguendo, the Court has the discretion to waive the 30 day administrative provision.

Congress's intent of expediting compassionate release is well served by permitting district courts, confronted with unbending BOP policy that fails to meet the current crisis, to decide whether requiring further exhaustion frustrates Congress's goal.

Federal Courts have long recognized that exhaustion-type requirements should sometimes be excused when delay might cause the defendant undue prejudice or irreparable harm. Washington v. Barr, 925 F.3d 109 (2nd Cir. 2019). "[M]ere preference for a speedy resolution is not enough." Id. But exhaustion can be excused in cases involving "inadequacy of the prescribed procedure" and a showing of "impending harm." Aircraft & Diesel Equip. Corp. v. Hirsh, 331 U.S. 752, 773-74 (1947).

Inadequacy of the prescribed procedure

The BOP procedure is inadequate. For instance, BOP 's Program Statement has criteria for compassionate release based on debilitating medical condition. Under the policy, a medically-based request for compassionate release should be considered only if the illness is one that confines the individual to a bed or wheelchair more than 50% of waking hours and limits the individual's ability to provide for self-care. Program Statement 5050.50 sec. 3(b). With these requirements, Mr. Cardena's request for compassionate release would inevitably be denied by the BOP. The whole application is futile. It is a waste of time on both sides for the BOP to consider a request that cannot be granted under the agency's policies.

<u>Showing impending harm</u>

Mr. Cardena asserts that his type II diabetes and high blood pressure, coupled with the pandemic, create a situation of impending harm.

<u>Power to create an exception to the exhaustion requirement</u>

Even where exhaustion is seemingly mandated by statute, the requirement is not absolute. <u>Washington v. Barr</u>, 925 F.3d 109, 118 (2nd Cir. 2019) citing <u>McCarthy v. Madigan</u>, 503 U.S. 140, 146-7 (1992).

The Supreme Court has held that the courts' power to create exceptions to a statutory exhaustion requirement depends on the language of the statute. <u>Ross v. Blake</u>, 136 S.Ct. 1850, 1857

(2016). If the language of the statute is mandatory, then the exhaustion requirement cannot be waived. In that litigation under the Prison Litigation Reform Act of 1995, the statutory language was "No action shall be brought *** until such administrative remedies as available are exhausted." In <u>Ross</u>, the Supreme Court held that the language was mandatory. <u>Ross v. Blake</u>, 136 S.Ct. at 1856. But the Supreme Court also remanded the case for the district court to consider whether the statutory exception to exhaustion provided in the PLRA applied. Id. at 1855. Notably, the statute carried a provision excusing compliance where exhaustion would be futile, and that language prevents an unjust result. See Id., at 1859.

The government cites a non-precedential New York district court case as authoritative for strict enforcement of the exhaustion requirement. But that case did not deal with the 30 day issue, it dealt with the lack of a request for any administrative relief: "The Director of the BOP has not sought a reduction of sentence and Monzon has not requested the warden of his facility to make a motion on his behalf." <u>United States v. Monzon</u>, No. 99 CR 157 2020 WL 550220, (S.D.N.Y. Feb. 4, 2020). As a district court case from another jurisdiction addressing a different issue, <u>Monzon</u> is not controlling.

In the First Step Act, the language of the statute does not express a mandatory statutory condition. Consequently the court

has the power to waive it.  Such power prevents unjust results from circumstances, such as the COVID-19 pandemic, that could not have been anticipated at the time of passage of the statute by Congress.

Some jurisdictions have allowed for the hearing of compassionate release motions even without exhaustion of administrative remedies.  In <u>United States v. Zuckerman</u>, 16 CR 194 (S.D.N.Y. April 3, 2020), "the Court holds that [defendant]'s advanced age and compromised health, combined with the high risk of contracting COVID-19 at Otisville, justify waiver of the exhaustion requirement."  Similarly, <u>U.S. v. Witter</u>, No. 18 CR 77, 2020 WL 1974200, at *5(W.D. Wis. Apr. 24, 2020) allowed proceeding even without exhaustion of administrative remedies.

In <u>United States v. Castaldi</u>, NDIL, No. 09 cr 59-1 the District court held that the defendant must first exhaust his administrative remedies, finding that the 30 day exhaustion requirement is mandatory.  As a district court decision, <u>Castaldi</u> is non-precedential.

In <u>Castaldi</u>, the Court declined to follow <u>Idder v. I.N.S.</u>, 301 F.3d 492 498 (7th Cir. 2002).  <u>Idder</u> held that exhaustion could be waived under certain circumstances: (1) exhaustion of remedies causes prejudice, due to unreasonable delay or an indefinite time frame; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; appealing through the administrative process would be futile because the agency is biased

- 7 -

or has predetermined the issue; or (4) where substantial constitutional questions are raised. Id. The Court found that none of these factors had been met by Castaldi and that exhaustion was mandatory. Those factors have been met by Mr. Cardena.

The denial of relief in Castaldi should be limited to its facts. In Castaldi, the defendant was convicted of a Ponzi scheme fraud that cost his investors - many of them elderly - about $31 million. He had served only about half of his 276 month sentence. He claimed no health problem, but is incarcerated at FCI Elkton.

In contrast, Mr. Cardena has a very real health issue - Type II diabetes and high blood pressure - when it comes to COVID-19. He has served 90% of his sentence. While he has a basis to claim compassionate release based upon a medical condition, the BOP Policy does not recognize it, and cannot really be expected to, since the COVID-19 pandemic is a recent development.

Mr. Cardena's basis for waiver is encompassed by the Iddir exceptions to the exhaustion requirement: the BOP lacks the ability to resolve the issue because of the stress put on it by the pandemic, a stress recognized by Attorney General Barr on April 3, 2020 in his acknowledgment that COVID-19 has materially affected operations; and because appealing through the administrative process is futile, since the BOP has no policy for medical issues based upon vulnerability to COVID-19 and consequently cannot grant relief on that basis. Consequently, even if the 30 day period has

not tolled it is not mandatary and may be waived.

## EXTRAORDINARY AND COMPELLING REASONS

The First Step Act empowered this Court to make an independent determination as to whether there are "extraordinary and compelling reasons" for compassionate release. It directed courts to consider whether the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. sec. 3582(c)(1)(A)(i). The existing guidelines make no mention of motions filed by the defendant. However, courts have applied the old policy statements as helpful in determining whether a defendant is eligible for compassionate release. See United States v. Ebbers, No. S402CR11443VEC, 2020 WL 91399, at *4(S.D.N.Y. Jan. 8, 2020).

The old policy statements include the "catch-all" provision that covers "an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." USSG sec. 1B1.13 cmt. N. 1(D).

Type II Diabetes and High Blood Pressure

There are extraordinary and compelling reasons to grant relief to Mr. Cardena. According to the CDC, risk factors of Type II diabetes and high blood pressure, places him a significant risk group of death or serious injury from COVID-19. Http://www.cdc.gov/coronavirus/2019-ncov/need-extra-. Mr. Cardena has both.

- 9 -

Pandemic

Courts have found that the pandemic is "an extraordinary and compelling reason" to afford compassionate release. The spread of the virus into detention centers is recognized by the courts. For instance, in United States v. Muniz, Case No. 4:09 CR 199, R. 578 (S.D. Tex. Mar. 30, 2020) the Court noted that "the virus's spread in detention centers . . . demonstrate that individuals housed within our prison systems nonetheless remain particularly vulnerable to infection."

At the time of his request, Mr. Cardena was incarcerated at FCI Milan; on April 22, 2020 (Gov. Response Doc # 1864) he was transferred to the Rock Valley Community Programs halfway house in Janesville, Wisconsin. Mr. Williams' request is especially urgent because he is now incarcerated at a halfway house holding 46 residents, in an environment ripe for an outbreak of COVID-19. According to the government, only 4 individuals have been tested for COVID-19. Though requested of the government, no dates have been provided as to when those tests were given.

The halfway house receives residents from the BOP, including FCI Milan, with no quarantine procedure, so far as is apparent to Robert Cardena. Sent to the halfway house from FCI Milan, Mr. Cardena did not receive a COVID-19 test prior to being placed in the halfway house, and he does not know of other residents being tested. He does not go to the TV room.

For Mr. Cardena, it is the combination of his medical condition and the pandemic that cause his circumstances to be exigent. Mr. Cardena has type II diabetes and high blood pressure. BOP medical records provided by government, which will be filed separately under seal; government sentencing memorandum, 09 cr 332 doc. #1058, p. 5 as to diabetes; defendant's status report no. 3, doc. #1059, p. 8 as to diabetes. Both are risk factors according to the CDC.

Some courts have weighed COVID-19 vulnerability in the compassionate-release calculus, including Miller v. United States, 2020 WL 1814084, at *1,4 (E.D.Mich. Apr.9, 2020).

## THE 3553(a) FACTORS

The 3553(a) factors weigh in favor of releasing Mr. Cardena. The time that he has already served are sufficient to reflect the seriousness of the offense and to provide just punishment. As in Zukerman, at the time of sentencing, the sentence could not be seen as including a great and unforeseen risk of severe illness or death brought on by a global pandemic. United States v. Zukerman, 2020 WL 1659880, at *6 (S.D.N.Y. April 3, 2020. In Zukerman, the sentence was modified to home incarceration.

Mr. Cardena states to counsel that he has had only one ticket throughout his incarceration. During his incarceration, he has participated in numerous self-improvement courses, including drug counseling, parenting, anger management, and financing a business.

- 11 -

He had a prison job at FCI Milan. Certificates evidencing the courses he has taken have already been provided to the Court and are filed on his docket.

## RELEASE PLAN

Mr. Cardena has a release plan, namely that he will live at his mother's house in suburban Chicago. He will be able to quarantine himself in a bedroom with a bathroom right across the hall. His mother is prepared to pick him up from Janesville, Wisconsin within a few hours of being notified to do so. Mr. Cardena has the promise of employment as an apartment building maintenance man. He worked for the same company while on bond and until he went into the BOP in this case, 09 CR 451.

## CONCLUSION

For these reasons, Mr. Cardena respectfully requests that this Honorable Court modify his sentence under 18 U.S.C. sec. 3582(c)(1)(A)(i) to time served. Should the Court wish to hold a hearing, counsel waives Mr. Cardena's appearance.

Dated: May 10, 2020

Respectfully submitted,
s/John T. Kennedy
John T. Kennedy
Attorney for Robert Cardenas

John T. Kennedy
Panel Attorney
820 Davis Street, Suite 434
Evanston, IL 60201
(847) 425-1115
(847) 254-6459 (cell)
kennedy3317@aol.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that in accordance with the applicable statutes and rules the following document:

**DEFENDANT CARDENA'S REPLY IN SUPPORT OF MOTION
FOR COMPASSIONATE RELEASE**

was served pursuant to the District Court's ECF system on May 10, 2020.

s/John T. Kennedy
John T. Kennedy
Attorney for Kevin Williams

John T. Kennedy
Panel Attorney
820 Davis Street,
Suite 434
Evanston, IL 60201
(847) 425-1115
(847) 254-6459 (cell)
kennedy3317@aol.com